**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**
FILED IN CLERK'S OFFICE
U.S.D.C
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| FATEEN MAOLUD, | :: | CIVIL ACTION NO.    OCT 2 5 2006 |
| Inmate # GDC 793336, | :: | 1:06-CV-1043-JEC |
| Plaintiff, | :: | by |
|  | :: |  |
| v. | :: |  |
|  | :: |  |
| JIMMY SIKES, Warden, | :: | PRISONER CIVIL RIGHTS |
| TOM GRAMIACK, Deputy Warden, | :: | 42 U.S.C. § 1983 |
| DENTAL PHYSICIAN (unknown), | :: |  |
| NURSE B. PRYOR, | :: |  |
| CHARLENE NEWSOME, | :: |  |
| MEDICAL COLLEGE OF GEORGIA, | :: |  |
| GEORGIA DEP'T OF CORRECTIONS | :: |  |
| (i.e., James E. Donald), | :: |  |
| Defendants. | :: |  |

## **ORDER AND OPINION**

Plaintiff, an inmate at the Floyd County Correctional Institution in Rome,

Georgia, has filed the instant pro se 42 U.S.C. § 1983 action, along with a motion for

appointment of counsel. [Docs. 1, 2.] Plaintiff has paid his filing fee in full.

### I. **Plaintiff's allegations**

Plaintiff sets forth allegations against Warden Jimmy Sikes, Deputy Warden

Tom Gramiack, an unnamed Dental Physician, Nurse B. Pryor, and Charlene

Newsome, all ostensibly employed at Montgomery State Prison (MSP), where

Plaintiff was previously incarcerated; the Medical College of Georgia; and James E.

Donald, Commissioner of the Georgia Department of Corrections (GDOC) and/or the GDOC. [Doc. 1-1 ¶ III.] Plaintiff alleges that in May 2004, dental personnel at MSP informed him that he needed fillings in two of his teeth. [Id. at 4 (attach. at 1).] Thereafter, Plaintiff made repeated, unavailing requests to MSP personnel for the treatment of his dental needs, all the while experiencing "consistent, daily and ongoing hot & cold 'flashes' in [his] mouth each and every time [he] eat[s] or drink[s] anything, severe excruciating lingering pain to [his] mouth and ongoing headaches." [Id. 4-6 (attach. 1-3).] Plaintiff alleges that all Defendants have been deliberately indifferent to his serious medical needs, and GDOC administrators are also "guilty of negligent supervision, hiring, and retention" for allowing MSP officials to maintain their custom and practice of denying proper attention to the inmates' medical needs. [Id. 7-8 (attach. 4-5).]

Plaintiff also states that Deputy Warden Gramiack "has actually mocked [him] with conversational harassment, mockery and ridicule," and, furthermore, has retaliated against him for filing inmate grievances by warning him about excessive hugging during visitation. [Id. 10-12 (attach. 7-9).] Plaintiff alleges that on or about June 15, 2005, he was told that the only solution available for his infected teeth was extraction, due to the lack of a permanent dentist at his prison facility. [Id. 17-19

2

(attach. 14-16).]  Plaintiff contends that Medical College of Georgia (the medical contractor at MSP), the GDOC, Warden Sikes, and Deputy Warden Gramiack are liable for failing to establish a medical care system to diagnose and resolve the medical needs of the MSP inmates.  [Id. 21 (attach. 18).]  Plaintiff seeks, inter alia, compensatory and punitive damages.  [Id. ¶ V.]

### III. Discussion

**A.**     **State agencies – the Medical College of Georgia and the GDOC**

There are significant limitations on potential § 1983 liability for state officials and the agencies that employ them.  "A state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable; but a state official sued in his official capacity is a person for purposes of § 1983 when prospective relief, including injunctive relief, is sought." Edwards v. Wallace Community College, 49 F.3d 1517, 1524 (11th Cir. 1995). Furthermore, the Eleventh Amendment bars a § 1983 action against a state and its agencies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief." Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989).  Accordingly, Plaintiff may not proceed herein against the Medical College of Georgia or the

3

AO 72A
(Rev.8/82)

Georgia Department of Corrections, both of which are state agencies and, therefore, are due to be dismissed from this action.

**B.**     **State officials – GDOC Commissioner James E. Donald**

As noted above, a § 1983 plaintiff may sue a state official in his official capacity for prospective relief.  Edward, 49 F.3d at 1524.  He may also sue a state official in his individual capacity for retrospective relief, including monetary damages. See Hafer v. Melo, 502 U.S. 21, 30-31(1991) (holding that "the Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983") (internal quotations omitted).  However, a § 1983 plaintiff may not sue a supervisory official simply on the basis of that official's supervisory status. See Marsh v. Butler County, 268 F.3d 1014, 1035 (11th Cir. 2001) (en banc) (noting that "[s]upervisory officials cannot be held liable [under § 1983] for the acts of employees solely on the basis of respondeat superior").  To state a claim for relief based on supervisory liability, a plaintiff must allege either that "the supervisor personally participate[d] in the alleged unconstitutional conduct or [that] there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).  A causal connection may be shown if (1) the supervisor is on notice of a

4

history of widespread abuse and has failed to take corrective action; (2) the supervisor has a custom or policy that resulted in the alleged violation; or (3) the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Id.

It does not appear that Plaintiff seeks any prospective relief in this action, except release from incarceration [see Doc. 1 ¶ V], which is available only via a habeas corpus action.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Furthermore, Plaintiff has failed to assert a sufficient causal connection between the constitutional violations alleged herein and any action taken by Commissioner Donald.  See Cottone, 326 F.3d at 1360.  The Court notes that Warden Sikes responded to Plaintiff's inmate grievance by indicating, on June 20, 2005, that Plaintiff had been placed on the dental filling list on April 11, 2005, and had been seen by MSP's temporary dentist on June 15, 2005, at which time "it was determined that [Plaintiff's] teeth weren't an emergency and [he was] placed back on the filling list pending an assignment of a permanent dentist." [Doc. 1-1 at 30.]  When Plaintiff appealed the denial of his grievance to the GDOC Office of Investigations and Compliance, an investigation and review by the GDOC's Health Services Clinical

Team revealed that Plaintiff had been examined by a Dr. Burke on June 15, 2005, and had been advised that he had been placed on the dental filling list but that he did not require the immediate services of a dentist, who was available at MSP "for emergencies only." [Id. 28.]  It does not appear from Plaintiff's complaint that Commissioner Donald willfully ignored a history of widespread abuse, instituted a custom or policy that caused the alleged violations of Plaintiff's constitutional rights, directed his subordinates to violate those rights, or allowed his subordinates to do so. See Cottone, 326 F.3d at 1360.  Accordingly, Commissioner Donald is also due to be dismissed from this action.

## C.    Venue

All of the remaining Defendants named in Plaintiff's complaint are employed at MSP, which is located in Montgomery County, Georgia, within the jurisdiction of the United States District Court for the Southern District of Georgia, where the alleged violations of Plaintiff's constitutional rights occurred.   Because the remaining Defendants reside, and the alleged violations occurred, outside the jurisdiction of this Court, venue is no longer proper here.  See 28 U.S.C. § 1391; Jones v. Bales, 58 F.R.D. 453, 458 (N.D. Ga. 1972).  In these circumstances, a federal district court "shall dismiss, or if it be in the interest of justice, transfer [a] case to any district or

6

division in which it could have been brought." <u>See</u> 28 U.S.C. § 1406(a).  This Court

finds that transfer of this action would be in the interest of justice.

For the foregoing reasons, Defendants Medical College of Georgia, the Georgia

Department of Corrections, and Commissioner James E. Donald are **HEREBY**

**DISMISSED**, and this action is **TRANSFERRED** to the United States District Court

for the Southern District of Georgia, along with all orders, motions, affidavits,

pleadings, and exhibits filed herein (if any) for further proceedings.  Accordingly, this

Court refrains from ruling on Plaintiff's motion for appointment of counsel.

**IT IS SO ORDERED** this 2̲f̲ day of O̲c̲t̲o̲b̲e̲r̲, 2006.


JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

7

AO 72A
(Rev.8/82)